UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ELBA NIEVES,

    Plaintiff,

v.                                                Case No.: 2:19-cv-474-FtM-38NPM

WALMART STORES, INC.,

    Defendant.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Plaintiff Elba Nieves' Motion to Remand (Doc. 8) and Defendant Walmart Stores, Inc.'s response in opposition and supplemental removal documents (Doc. 16; Doc. 22). For the below reasons, the Court denies Nieves' motion.

Nieves sues Walmart for injuries she suffered after slipping and falling in a store. (Doc. 3). This case started in state court on March 26, 2019.[2] Walmart removed the suit almost four months later based on diversity jurisdiction. (Doc. 1). Nieves now moves to remand because Walmart did not remove the case within thirty days of receiving the Complaint and Summons. (*Id*.). Walmart counters that removal was not available until it

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] Unless otherwise noted, all dates cited herein occurred in 2019.

received Plaintiff's discovery responses on June 10, saying her claim exceeds $75,000. (Doc. 16).

Federal courts have diversity jurisdiction over a matter if the amount in controversy exceeds $75,000, exclusive of interests and costs, and there is complete diversity of citizenship among the parties. See 28 U.S.C. § 1332(a); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000). Under 28 U.S.C. § 1446, a defendant may remove a case to federal court. The removing defendant bears the burden of establishing federal jurisdiction. See *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

Removal has procedures. Pertinent here, a defendant may remove a case "within 30 days after receipt by the defendant through service or otherwise, of a copy of an amended pleading, motion, order *or other paper* from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3) (emphasis added). When assessing removal based on a later received paper, "the court considers the document . . . and determines whether that document and the notice of removal unambiguously establish federal jurisdiction." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1214 (11th Cir. 2007). Walmart relies on Nieves' interrogatory response to trigger the thirty-day window for removal. (Docs. 1 at ¶ 22; 16).

After reviewing the record, the parties' arguments, and applicable law, the Court finds removal to be timely and the amount in controversy prong satisfied for diversity jurisdiction.[3] Where "the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Williams*, 269 F.3d at 1319. In

---

[3] The Court previously found the parties to be diverse citizens. (Doc. 20 at 4).

determining the amount in controversy, the court "focuses on how much is in controversy at the time of removal, not later." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010). A court may not speculate or guess as to the amount in controversy. *Id.* at 752; *see also Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1060 (11th Cir. 2010)

Nieves' interrogatory response shows her relevant medical bills total $213,813.25. (Doc. 22-1 at ¶ 12). These medical expenses show, by a preponderance of the evidence, the amount in controversy exceeds $75,000. *See Dewitte v. Foremost Ins.*, 171 F. Supp. 3d 1288, 1290 (M.D. Fla. 2016) ("[M]edical bills related to treatments a plaintiff has undergone after an injury are sufficient to establish the amount in controversy" (citations omitted)). This information opened the removal door for Walmart. They got Nieves' response on June 10 and removed by July 10—this is timely. The Court thus has subject matter jurisdiction over this action.

Accordingly, it is now

**ORDERED:**

Plaintiff Elba Nieves' Motion to Remand Case to State Court for Defendant's Failure to File a Timely Request for Removal (Doc. 8) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 23rd day of August 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record