UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ELBA NIEVES,

    Plaintiff,

v.                                                Case No:  2:19-cv-474-FtM-99NPM

WALMART STORES, INC.,

    Defendant.
_____/

## ORDER[1]

This matter comes before the Court on Plaintiff's Motion for Sanctions Pursuant to Rule 11 (Doc. 28) and Defendant's Response in Opposition (Doc. 34). Plaintiff seeks sanctions against Defendant for filing a baseless Motion to Dismiss. The Court denies Nieves' Motion for Sanctions without prejudice because it fails to comply with Middle District of Florida Local Rule 3.01(g) and Rules 5 and 11 of the Federal Rules of Civil Procedure.

**A. Local Rule 3.01(g)**

Rule 3.01(g) provides that:

> [b]efore filing any motion in a civil case, . . . the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement: (1) certifying that the moving counsel has conferred with opposing counsel; and (2) stating whether counsel agreed on the resolution of the motion.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

M.D. Fla. 3.01(g). Local Rule 3.01(g) is designed to foster communication between the parties and help resolve certain disputes without court intervention. See *Desai v. Tire Kingdom, Inc.*, 944 F. Supp. 876, 878 (M.D. Fla. 1996). The importance of Local Rule 3.01(g) in helping avoid needless litigation cannot be overstated. See *Esrick v. Mitchell*, No. 5:08-cv-50, 2008 WL 5111246, at *1 (M.D. Fla. Dec. 3, 2008) (stating a violation of "Local Rule 3.01(g) constitutes sufficient grounds to deny the relief sought by the noncompliant moving party"). Since Nieves failed to comply with Local Rule 3.01(g) the Court denies the Motion for Sanctions (Doc. 28) without prejudice.

**B. Federal Rules of Civil Procedure 5 and 11**

Additionally, a motion for sanctions under Rule 11(c)(2) "must be served under Rule 5, but it must not be filed or presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2). Service under Rule 5 requires that the motion be served by hand (Fed. R. Civ. P. 5(b)(2)(A)) or by mail (Fed. R. Civ. P. 5(b)(2)(C)), or "by electronic means if the person consented in writing" (Fed. R. Civ. P. 5(b)(2)(E)). Before the motion is presented to the court, opposing counsel must be given a twenty-one (21) day "safe harbor" period to correct or withdraw the offending document. *Id.* There is no indication that Plaintiff complied with service or the "safe harbor" provision under Rule 5; therefore, the Court denies Nieves' Motion for Sanctions without prejudice on this basis as well.

Accordingly, it is now

**ORDERED:**

Plaintiff Elba Nieves's Motion for Sanctions Pursuant to Rule 11 (Doc. 28) is **DENIED without prejudice**.

**DONE** and **ORDERED** in Fort Myers, Florida this 16th day of September, 2019.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record