UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ELBA NIEVES,

    Plaintiff,

v.   Case No.: 2:19-cv-00474-JLB-NPM

WALMART STORES EAST, LP,

    Defendant.
_____/

## ORDER

This cause comes before the Court sua sponte upon review of the parties' previously granted stipulation to "correct" the case caption. (Docs. 55, 56.) As discussed below, the Court no longer is certain whether it has subject matter jurisdiction over this case and thus requires additional information.

## BACKGROUND

Plaintiff Elba Nieves originally filed this negligence action against Wal-Mart Stores, Inc. in Florida state court. "Wal-Mart Stores, Inc." removed the case to this Court based (in part) on its citizenship in Delaware and Arkansas (Doc. 1 at ¶11). *See* 28 U.S.C. § 1332. Prior to this case's reassignment to the undersigned Judge (Doc. 59), the parties filed a paper entitled "Stipulation To Correct Caption And Identify True Name Of Parties" in which they "stipulate[d] and agree[d] to the entry of [an] Order to Correct Caption and Identify True Name of Parties." (Doc. 55.) The document provides no further information other than the statement that the defendant had been "improperly named as 'Wal-Mart Stores Inc.'" rather than

"Walmart Stores East, LP." (*Id.*) In an Order entered on June 10, 2020, the predecessor judge assigned to this matter allowed what she characterized as a "technical correction" in the name of the Defendant "[b]ecause the proper (but currently misnamed) party was originally served and has participated in this case." (Doc. 56.)

After the undersigned's careful review, the parties' "Stipulation To Correct Caption And Identify True Name Of Parties" in effect sought to substitute Wal-Mart Stores, Inc., a corporate defendant, with Walmart Stores East, LP, an entirely different unincorporated business entity,[1] presumably because the latter is the real party in interest. *See* Fed. R. Civ. P. 17(a). As the predecessor judge implicitly recognized by responding to the "Stipulation" with the entry of an Order (Doc. 56) granting the "Stipulation," such a request required a *motion*.[2] The predecessor judge addressed the problem of the parties' failure to file such a motion by simply treating the "Stipulation" as a motion and then granting the relief sought to be effected by the "Stipulation." (Doc. 56.)

---

[1] *See Newman v. Wal-Mart Stores East, L.P.*, 2015 WL 7258497, at *3 (M.D. Ga. Nov. 17, 2015) (rejecting as false the "underlying assumption in Plaintiff's argument [ ] that Wal-Mart Stores East, L.P. and Wal-Mart Stores, Inc. are the same entity").

[2] More precisely, the motion that should have been filed presumably would have sought the dismissal of Wal-Mart Stores, Inc. and the joinder of Walmart Stores East, LP. *See* Fed. R. Civ. P. 15(a); Fed. R. Civ. P. 19(a); Fed. R. Civ. P. 12(b)(6) and 12(b)(7); *see, e.g., Jefferson v. Wal-Mart Stores, Inc.*, 2010 WL 11613518, at * (S.D. Ga. Apr. 28, 2010) (discussing motion to add Wal-Mart Stores East, L.P. as a defendant and to dismiss other misnamed Wal-Mart entities).

The concern this Court has now identified relates to whether, following these events, the "substitution" of Walmart Stores East, LP for Wal-Mart Stores, Inc. affected the Court's subject matter jurisdiction. That question has not previously been addressed by either the court or the parties. The Court turns to it now.

## DISCUSSION

As a preliminary matter, this Court is duty-bound to raise the question of its subject matter jurisdiction. *See Kirkland v. Midland Mortg. Co.,* 243 F.3d 1277, 1279 (11th Cir. 2001) ("Federal courts are courts of limited jurisdiction and are required to inquire into their jurisdiction[.]"); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (District courts must "inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). Moreover, if the Court finds subject matter jurisdiction lacking, the case must be remanded to state court.[3] This is true even though the parties have "stipulated" to the substitution in federal court. *See United States v. Iguaran,* 821 F.3d 1335, 1337 (11th Cir. 2016) ("[A]s we have repeatedly held, [p]arties may not stipulate jurisdiction.") (internal quotation marks and citations omitted).

Subject matter jurisdiction exists if the citizenship of the parties is completely diverse and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. Complete diversity requires that no plaintiff shares the citizenship of any defendant. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). "[A] removing defendant bears the

---

[3] *See* 28 U.S.C. § 1447(c) ("…. If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded. …") (emphasis added).

burden of proving federal jurisdiction." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007).

The notice of removal in this case only contains allegations pertinent to Wal-Mart Stores, Inc.'s citizenship—Delaware and Arkansas.[4] Nowhere in the current record are there any allegations pertinent to the citizenship of the newly named defendant. That defendant, Walmart Stores East, LP, is a limited partnership, not a corporation like the originally named defendant. "[A] limited partnership is a citizen in each state in which its partners, limited or general, are citizens." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings*, 374 F.3d 1020, 1022 (11th Cir. 2004) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990)). If members of a limited partnership are themselves unincorporated associations, then the citizenship of those members must be traced through all their respective partners or members, however many layers there might be. *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017).

Given the lack of allegations regarding the identity and citizenship of the persons or entities who collectively form the limited partnership named as defendant herein, "Walmart Stores East, L.P.," the Court is no longer certain whether it has subject matter jurisdiction over this case and requires additional information.[5]

---

[4] "[A] corporation is a citizen of both the state where it is incorporated and the state where it has its principal place of business." *MacGinnitie v. Hobbs Grp., LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005) (citing 28 U.S.C. § 1332(c)).

[5] The Court is aware of district court cases that suggest the corporate make-up of "Wal-Mart Stores East, L.P." ultimately can be traced through several layers of business entities to Wal-Mart, Inc., the defendant originally named in this case, whose citizenship is diverse from that of the Plaintiff. *See, e.g., Riggio v. Wal-Mart*

Accordingly, it is **ORDERED**:

1. **No later than September 15, 2020**, Defendant Walmart Stores East, LP must file a supplemental memorandum of law that adequately addresses the deficiencies identified in this order.

2. Failure to comply with this order will result in remand without further notice.

**DONE and ORDERED** in Fort Myers, Florida on this 8th day of September 2020.

*[signature]*

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

---

*Stores, Inc.,* 2014 WL 3378669, *1 n.1 (W.D. La. July 9, 2014); *Zuno v. Wal-Mart Stores, Inc.*, 2009 WL 1545258, *11-12 (E.D. Pa. May, 29, 2009). The Court cannot assume, however, that the entity in those cases, "Wal-Mart Stores East, L.P.," is the same entity as the defendant named by the parties here, "Walmart Stores East, L.P.," or that those cases correctly identify not only the limited partners of "Wal-Mart Stores East, L.P.," but also the membership of the limited liability companies identified in those cases as the limited partners of Wal-Mart Stores East, L.P., and the citizenship of those members. *See Thermoset Corp. v. Bldg. Materials Corp of Am.,* 849 F.3d 1313, 1316 (11th Cir. 2017) ("a limited liability company is a citizen of any state of which a member of the company is a citizen"). Those past district court orders also may not accurately reflect the current make-up of the named business entities.